UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH GILL, a minor, by and through his Guardian ad Litem, AYAZ GILL,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S CORPORATE SERVICES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No. 1:12-cv-01985-AWI-SAB<br><br>ORDER GRANTING PETITION FOR MINOR'S COMPROMISE<br><br>(ECF No. 23) |

Plaintiff Noah Gill, through his guardian ad litem, Ayaz Gill, filed a Petition to Approve Compromise of Minor's Claim on August 15, 2013. (ECF No. 23.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 202(b)(1) and 230(g). For the reasons set forth below, the Petition will be granted.

**I.**

**BACKGROUND**

Plaintiff filed this action in Superior Court of California, County of Fresno, on July 18, 2012. On December 3, 2012, Defendants removed this action to the Eastern District. On January 24, 2013, Plaintiff filed a first amended complaint in this action. The amended complaint alleges that Plaintiff Noah Gill, a minor, was walking through the Macy's Department Store at Fashion Fair on April 30, 2012, when he fell over an uneven and bunched up carpet and sustained serious injuries. (First Am. Compl. 2, (ECF No. 12.) As a result of his injuries, Plaintiff Noah Gill incurred expenses for medication, x-rays, surgeries, and other medical supplies and services to treat his injuries. (Id. at 3.) Plaintiff Ayaz Gill alleges that

1 he was present during the incident and suffered severe emotional distress as a result.  (Id. at 3-4.)
2 Plaintiffs bring this action for premises liability and negligent infliction of emotional distress seeking
3 medical expenses, and general and compensatory damages.
4       On July 16, 2012, Judge Kristi Culver-Kapetan of the Superior Court of California, County of
5 Fresno, appointed Plaintiff Ayaz Gill as guardian ad litem for Plaintiff Noah Gill. (Petition to Approve
6 Compromise of Minor's Claim ¶ 2.)  After attending mediation, the parties reached a compromised
7 settlement in which Plaintiff Noah Gill will receive $190,000.00 and Plaintiff Ayaz Gill will receive
8 $35,000.00.  (Id. at ¶ 4.)  On August 15, 2013, Judge Culver-Kapetan issued an order approving the
9 compromise.  (Id. at ¶ 7.)  Plaintiffs filed their Petition to Approve Compromise of Minor's Claim with
10 this court on August 15, 2013, seeking court approval of the settlement as required by Local Rule 202,
11 because Noah Gill is a minor.  (ECF No. 17.)

## II.

## LEGAL STANDARDS

14       Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be
15 settled or compromised absent an order by the Court approving the settlement or compromise."  Local
16 Rule 202(b)(1) requires initial state court approval in cases where the minor is represented by an
17 appointed representative, except in cases where the U.S. courts have exclusive jurisdiction.  Following
18 approval by the state court, the minor is to file the state court approval order and all supporting and
19 opposing documents with this Court. (Local Rule 202(b)(1).  Once those documents are received, this
20 Court "may either approve the settlement or compromise without hearing or calendar the matter for
21 hearing." (Id.)
22       "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to
23 safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th
24 Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty
25 requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best
26 interests of the minor.'" Id.  However, in Robidoux, the Ninth Circuit cautioned that this inquiry
27 "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and
28 reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay

plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

## III.

## DISCUSSION

On August 15, 2013, Judge Culver-Kapatan approved Plaintiff's settlement.  The essential terms of the settlement are that Defendant has agreed to pay the minor, Plaintiff Noah Gill, $190,000.00, and his father, Plaintiff Ayaz Gill, $35,000.00, in exchange for the settlement of this case.  The attorneys representing Plaintiffs in this action worked on a contingency fee basis (25%), and the fees requested are $47,021.48 (25% of net award).  Plaintiffs agreed to reimburse their attorneys for the costs of the lawsuit. One half of the costs of associated with this action are being sought in the petition, totaling $1,914.08. After attorneys' fees, medical expense reimbursement to the Department of Health Care Services, and miscellaneous costs and expenses are subtracted, the minor's net recovery amounts to $129,104.39.  The Superior Court of California, County of Fresno, ordered $129,104.39 of the settlement to be used to fund an annuity with MetLife Tower Resources Group, Inc. for Plaintiff Noah Gill.

The Court has reviewed the relevant state court documents, including the order approving the settlement signed by Judge Kristi Culver-Kapetan on August 15, 2013, and the information from various health care providers as well as the necessary disclosure of attorney's interest.  The Court finds that the compromise is fair and in the best interest of the minor, Plaintiff Noah Gill.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition to Approve Compromise of Minor's Claim, filed August 15, 2013, is GRANTED;
2. The settlement reached by the parties as set forth in the state court order approving settlement is APPROVED;
3. From the minor's settlement proceeds, fees and expenses in the amount of $60,895.61 shall be paid by one or more checks or drafts, drawn payable to the order of "Ayaz Gill, Guardian ad litem for Noah Gill, and their attorneys, Baradat & Paboojian, Inc."

pursuant to the state court order approving settlement;

4. The balance of the minor's settlement proceeds in the amount of $129,104.39 shall be used to fund an annuity on behalf of Plaintiff Noah Gill, with MetLife Tower Resources Group, Inc. pursuant to the terms set forth in the state court order approving settlement; and

5. Within twenty-one (21) days of the date of service of this Order, the parties shall file the appropriate stipulation for voluntary dismissal with this Court.

IT IS SO ORDERED.

Dated: **August 19, 2013**

UNITED STATES MAGISTRATE JUDGE